**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

**CASE NO.:**

IN THE MATTER OF THE
COMPLAINT OF JOHN TIMMEL and
MARGUERITE TIMMEL, as owners of
a 48' Duffy Trawler, *M/Y IRISH AYES*,
Bearing Hull Identification No.:
DUJ11497I393 for Exoneration from
or Limitation of Liability,

Petitioners.
_____/

**PETITION FOR EXONERATION OR LIMITATION OF LIABILITY**

Petitioners, JOHN TIMMEL and MARGUERITE TIMMEL, as owners of the 48' Duffy Trawler, *M/Y IRISH AYES* bearing Hull Identification Number: DUJ11497I393, its Appurtenances, Equipment, etc. (hereinafter, "Petitioners"), hereby file this action for Exoneration or Limitation of Liability, and allege:

**JURISDICTION & VENUE**

1.      This is a civil action brought pursuant to 46 U.S.C. § 30529 seeking exoneration from or limitation of liability under 46 U.S.C. §§ 30501 – 30530.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

2.      Petitioners are the owners of the 48' Duffy Trawler motor yacht named *IRISH AYES* which bears Hull Identification No.: DUJ11497I393 (hereinafter, "Vessel").

3.      The Vessel is a recreational seagoing vessel as defined by 46 U.S.C. § 30506(a).

4.      The underlying incident arises from a March 13, 2026 fire originating aboard the Vessel which subsequently spread, causing potential damage to the dock and to other vessels located in adjacent slips at the Tampa Yacht & Country Club (hereinafter, "Incident")

5.      The subject fire occurred aboard the Vessel while at its slip located at the Tampa Yacht and Country Club in Hillsborough County, Florida, which is part of the navigable waters of the United States.

6.      The Incident did, or had the potential to, disrupt maritime commerce.

7.      This Court has admiralty subject matter jurisdiction pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

8.      The Vessel was damaged beyond repair, but not lost, or abandoned.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

9.     The Vessel is currently located at the SeaTow Tampa Bay yard located in Gibsonton, Florida which is within the jurisdiction of the Middle District of Florida.

10.    At the time of the filing of this Complaint, the Vessel has not been attached or arrested and the Petitioners have not been sued with respect to the Incident.

11.    Venue is proper pursuant to Supplemental Admiralty Rule F(9).

## BASIS FOR EXONERATION FROM OR LIMITATION OF LIABLITY

12.    At all times material hereto, the Vessel was seaworthy as it was properly maintained, supplied, equipped, and furnished with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the use for which it was engaged.

13.    No one was aboard the Vessel when the fire started.

14.    At all times material before the Incident, Petitioners exercised due diligence to maintain the Vessel in a condition such that it was fit for its normal and intended use.

15.    The Incident described above was not caused or contributed by any fault of the Petitioners or lack of due care.

16.    To the Petitioners' knowledge, potential Claimants may include: the owners and/or insurers of the vessel *M/V REVELATION* (62' Prestige),

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

including Brian Smith and Eric Bailey; a 41' Valhalla vessel, including Jamie Graff and Captain Craig Clark; an Intrepid vessel (length unknown), including Hunt James and Greg Minder; and Tampa Yacht & Country Club.

17.     Petitioners are otherwise unaware of any demands, written notices, actions or proceedings as a result of the Incident.

18.     This Petition is filed within six (6) months of Petitioners' receipt of first written notice of a possible claim against them, arising from the Incident. Therefore, it is timely pursuant to 46 U.S.C. § 30529(a) and Supplemental Rule F (1).

19.     Pursuant to 46 U.S.C. § 30501 *et. seq.* and Supplemental Rule F (2), Petitioners seek exoneration from any damages and losses of whatever description arising out of the aforesaid Incident and desire to contest liability in the event claims are made or Claimants allege they have valid defenses to the claims on the facts and law.

20.     In the event the Court determines that any damages sustained by a Claimant was as a result of the Vessel being unseaworthy and/or the result of negligence, which is expressly denied by Petitioners, any such unseaworthiness or negligence occurred without the privity or knowledge of Petitioners and, therefore, Petitioners are entitled to limit their liability to their post-Incident interest in the Vessel.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

21.     Petitioners' post-Incident interest in the Vessel is Five Hundred Dollars and Zero Cents ($500.00). This amount represents the post-Incident value of the Vessel, including its hull and equipment, as set forth in the Declaration of Value of Certified Marine Surveyor Thomas Schaffer attached as **Exhibit "1".**

22.     There was no pending freight at the time of the Incident.

23.     Petitioners believe that potential claims arising from this Incident may exceed the value of Petitioners' interest in the Vessel and her pending freight (of which there was none) as of the date of the incident.

24.     Petitioners offer a Letter of Undertaking in the sum of $500.00 plus interest at 6% per annum for two years issued by their insurer as security for the benefit of the Claimants who may file Claims in this Civil Action.  The Letter of Undertaking is attached hereto as **Exhibit "2"**.

25.     If it later appears that Petitioners may be liable and the amount or value of Petitioners' interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court.

**WHEREFORE**, Petitioners, JOHN TIMMEL and MARGUERITE TIMMEL, respectfully request:

A. An Order:

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

1. Approving the Letter of Undertaking filed with the Court as security for the value of Petitioners' interest in the Vessel *M/Y IRISH AYES*, pending determination by this Court of the value of Petitioners' interest in the Vessel following the subject fire incident; and

2. Directing the issuance of a monition to all persons claiming damages for any and all losses or damages arising out of the subject fire incident at the Tampa Yacht and Country Club, directing such claimants to file their respective claims with the Clerk of Court and to serve copies thereof upon counsel for Petitioners on or before a date to be fixed by this Court, and to appear and answer this Petition in accordance with the law and practice of this Court;

B. An injunction be issued restraining the prosecution of any and all suits, actions, or proceedings, whether already commenced or hereafter commenced, arising out of, relating to, or in connection with the subject fire incident, except within this proceeding, against Petitioners and/or the Vessel *M/Y IRISH AYES*;

C. A Decree adjudging:

1. That neither Petitioners nor the Vessel *M/Y IRISH AYES* are liable for any losses, damages, or injuries, or for any claims

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

whatsoever, arising out of or in any way connected with the subject fire incident;

2. Alternatively, if liability is found, that Petitioners are entitled to limitation of liability pursuant to 46 U.S.C. § 30505 *et seq.*, such that their liability be limited to the value of their interest in the Vessel following the incident, and that any amounts awarded be distributed *pro rata* among claimants entitled thereto, with due regard to any lawful priorities;

3. That Petitioners be discharged from any and all further liability in connection with the subject fire incident;

4. And for such other and further relief as this Court deems just and proper.

**Dated: June 8, 2026**

Respectfully submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Petitioners*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (786) 300-3967
Facsimile:  (305) 373-2294
Email: richard.rusak@csklegal.com

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

tyler.canfield@csklegal.com
krystina.limsang@csklegal.com


By: /s/ RICHARD D. RUSAK
     RICHARD RUSAK
     Florida Bar No.: 614181
     TYLER J. CANFIELD
     Florida Bar No.: 1042023

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West