UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

Case No. 8:26-cv-01682-JLB-AEP

IN THE MATTER OF THE COMPLAINT OF JOHN TIMMEL and MARGUERITE TIMMEL, as owners of a 48' Duffy Trawler, *M/Y IRISH AYES*, Bearing Hull Identification No. DUJ11497I393 for Exoneration from or Limitation of Liability,

Petitioner.
_______________________________________/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Petitioners' Motion for Entry of Default Judgment (Doc. 30). Petitioners request that the Court enter default judgment against all non-appearing potential claimants. For the reasons discussed below, the undersigned recommends granting the Motion for Default Judgment.

## I. Background

On June 8, 2026, Petitioners filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et. seq.*, and Supplemental Rule F, claiming the right to exoneration from liability, or alternatively, limitation of liability, for all claims arising out of an incident which occurred on the navigable waters of the United States in or around Old Tampa Bay, in Hillsborough County,

Florida (Doc. 1). The complaint sets forth the facts and circumstances on which such exoneration from, or limitation of, liability is claimed (Doc. 1).

On June 17, 2026, this Court entered an Order establishing a Monition deadline of August 7, 2026, for Claimants to file claims or Answers to the Complaint (Doc. 8). On June 17, 2026, the Clerk of Court entered a Notice to All Potential Claimants of Complaint for Exoneration from or Limitation of Liability (Doc. 9). The Notice required all persons having claims for any damages or injuries arising out of, or occurring as a result of, the incident on March 13, 2026, to file their respective claims on or before August 7, 2026, or be defaulted. Petitioners sent a copy of the Order to every known potential Claimant. Petitioners also sent copies of the Clerk's Notice to Claimants of Complaint for Exoneration from or Limitation of Liability to known Claimants and the initial pleadings. On August 15, 2026, Petitioners filed Proof of Publication to All Potential Claimants notifying this Court that publication was completed, commencing on June 24, 2026, and continuing through July 15, 2026 (Doc. 22). The deadline for potential claimants to come forward was August 7, 2026. As of the date of Petitioner's motion, Tampa Yacht and Country Club Inc. and Fifty Oaf Ventures, LLC have filed claims in this civil admiralty action (Docs. 13–14). No other persons or entities have filed a claim, answer, or other paper in these proceedings, so this Court entered a Clerk's Default against all non-appearing potential claimants. (Docs. 26, 28).

Petitioners are now seeking default judgment under Rule 55(b) (Doc. 30). Since the entry of the default, no other parties or potential claimants have filed a claim.

**II. Discussion**

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supplemental Rule F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Supplemental Rule F(5). If a claimant desires thereafter to contest either the right to exoneration from or the right to limitation of liability, the claimant then shall file and serve an answer to the complaint, unless the claim included an answer. Supplemental Rule F(5).

In actions arising under these rules, a default judgment will be entered against any potential claimant who failed to respond to public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled his or her "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

In this instance, Petitioners fulfilled their obligations and, as such, a default judgment is warranted. Namely, the notice was published and appeared once a week for four consecutive weeks in the *Tampa Bay Times* starting June 24, 2026, and continuing through July 15, 2026 (Doc. 22). The notice expressly stated that the deadline for filing a claim or answer was August 7, 2026, and that the failure to file a claim or answer could result in the waiver of the right to file such claim or answer (Doc. 22). Thus, the required notice has been given, and the time for filing

a claim has expired. No claimants timely filed a claim. A clerk's default has been entered against all non-appearing potential defendants (Docs. 26, 28). Given the foregoing, default judgment is now appropriate.

## III. Conclusion

After due consideration, it is hereby

RECOMMENDED that:

1. Petitioners' Motion for Default Judgment against all Non-Appearing Claimants (Doc. 30) be GRANTED; and that
2. All persons and entities who failed to file a claim or answer be barred from the filing of any further claims or answers in these proceedings or in any other proceedings related to or arising out of the event described in the Complaint (Doc. 1).

IT IS SO REPORTED in Tampa, Florida, on this 26th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. John L. Badalamenti
Counsel of Record